GRIFFIN, J.
This is the appeal of a final judgment in an action for breach of a lease and a separate final judgment awarding attorney’s fees. After trial, the court awarded landlord $166,358.32 and denied tenant any recovery on the counterclaim. Landlord also was awarded $58,442.94 in attorney’s fees as the prevailing party under the fees provision in the lease. We affirm.
On August 2Ó, 1999, Leighton A. Rosen-thal [“Landlord”] and Coocen & Sons Co., Inc. [“Tenant”] entered into a lease agreement whereby Tenant leased an industrial warehouse owned by Landlord. The property was apparently in need of repair, so the lease provided that upon taking possession on August 20, 1999, Tenant would make repairs at its own expense in exchange for not paying rent until January 1, 2000. With the exception of Tenant’s deferred obligation to pay base rent, all other obligations under the lease were to commence on August 20, 1999.[1] One of Tenant’s obligations was to provide Landlord with a $17,559.76 security deposit and a $75,000 letter of credit from a bank.[2] Ten *309 ant was also obliged to pay real estate taxes and insurance.[3] Tenant paid the security deposit of $17,559.76 upon execution of the lease in August 1999 but did not furnish the $75,000 letter of credit. For his part, Landlord was obligated under the lease to repair the roof as necessary, repair the perimeter fencing as necessary and remove the racking system.[4]
Tenant wrote a letter to Landlord on September 2, 1999, indicating that it had believed the letter of credit was not due until January 1, 2000, and that it could not deliver the letter of credit until October 15, 1999. Landlord agreed to the extension, but Tenant failed to provide the letter of credit by October 15, 1999. Tenant remained in possession and Landlord accepted rent payments from January 2000 until April 2001 when Tenant ceased paying rent, but Tenant never furnished Landlord with the letter of credit. Landlord sent numerous notices of default for failure to provide a letter of credit, including a final demand letter in June 2001. On July 10, 2001, Landlord sued Tenant for eviction and for breach of lease alleging Tenant’s failure to pay rent, cure other defaults or deliver possession of the property to Landlord. Tenant defended and counterclaimed against Landlord alleging breach of contract, constructive eviction, declaratory judgment and negligence based prin-eipally on the contention that Landlord had breached the lease prior to October 15,1999, by failing to repair the roof. The record, however, discloses no evidence that Tenant withheld the letter of credit based on the lack of roof repair or that Tenant complained to Landlord about a failure to make roof repairs. Tenant’s letter of February 11, 2000, which is the first documented communication to Landlord, refers to a wide range of issues pertaining to the lease and its implementation but does not mention the roof. The first record reference to the roof is a letter to the Landlord from Tenant in May 2000 deducting $285 from the rent for a roof repair made by Tenant.
Tenant argues on appeal that it was unclear in the lease whether the letter of credit was due upon the commencement of the lease on August 20, 1999, or upon the first rent payment on January 1, 2000. Tenant further contends that because the Landlord agreed that the letter of credit would be accepted by October 15,1999, the trial court erred in finding the obligation of Tenant to provide the letter of credit arose at the commencement of the lease. Finally, Tenant asserts that Landlord’s failure to begin the repairs set forth in Section 1.08 of the Lease constituted a material breach of the lease which excused *310 Tenant from delivering the letter of credit. Landlord contends that his duty to undertake roof repairs did not arise until the security was in place, that Tenant never demanded the roof repairs be made, and that Tenant never raised the lack of roof repairs as an excuse for failing to supply the letter of credit.
Our review reveals no reversible error. The duty to provide the letter of credit arose on August 20, 1999. It was not provided, even by the extended deadline, and under the evidence presented, its provision was not excused by the Landlord’s failure to make roof repairs.
AFFIRMED.
PALMER and TORPY, JJ., concur.

. Section 2.01. Commencement of Term — The term of this Lease and Tenant’s right to occupy the Leased Premises shall commence effective August 20, 1999. All terms and conditions of the Lease shall commence August 20, 1999 with the exception of Tenant’s obligation to pay “Base Rent,” which obligation shall commence January 1, 2000 as provided for in Section 3.01 of this Lease below.
Section 2.02. Length of Term — The term of this Lease shall be a period of five (5) years from January 1, 2000 through December 31, 2004.

. Section 3.05. Security Deposit-To secure the faithful performance by Tenant of the covenants, conditions and agreements set forth in this Lease to be performed by it, Tenant has deposited with the Landlord the sum of Seventeen Thousand Five Hundred Fifty-nine Dollars and 76/100 ($17,559.76) ... To further secure the faithful performance by Tenant of the covenants, conditions and agreements set forth in this Lease, Lessee shall furnish and provide to Landlord a $75,000.00 letter of credit from a financial institution reasonably acceptable to Landlord, *309 and in form and substance reasonably satisfactory to Landlord ("Letter of Credit”).

. Section 3.03. Obligation of Tenant in Addition to Rent — Tenant will be responsible for all operating expenses (excluding structural), including all other maintenance expenses, real property taxes, building insurance, content and liability insurance, refuse removal, fire alarm system, electrical, utilities and Florida Sales Tax.

. Section 1.03. Condition of Premises—
a) Landlord shall, at Landlord's sole cost and expense, make the following improvements to the Property;
i) repair the roof of the Building as necessary;
ii) repair the perimeter fencing as necessary; and
iii) remove the racking systems in the interior of the Building.
b) With the exception of the items enumerated in Section 1.03(a) above, the Leased Premises are delivered to and accepted by Tenant in an "as is” condition and Landlord shall have no responsibility with respect thereto ... As part of the consideration herein, Tenant shall (at Tenant’s sole cost and expense) improve the Leased Premises ... All such construction shall be performed by Tenant.